```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                        NOT FOR PUBLICATION
-----------------------------------------------------------x
RICHARDO JOSE RUIZ, a/k/a JOSE RUIZ,

                    Petitioner,                      MEMORANDUM AND ORDER

         -against-                                   07-CV-2615 (JG)

DEPARTMENT OF HOMELAND SECURITY,
U.S. IMMIGRATION AND ENFORCEMENT,

                    Respondent.
-----------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

Petitioner Jose Ruiz,[1] who is currently in custody at Lackawanna County Prison in Scranton, Pennsylvania, brings this *pro se* petition for a writ of habeas corpus. It does not appear that Ruiz has exhausted all the challenges to his conviction in state court, however. Furthermore, the petition appears to improperly challenge Ruiz's removal proceedings. Accordingly, Ruiz is granted leave to amend the petition within 30 days of the date of this Order.

## BACKGROUND

It is unclear from the petition exactly what relief Ruiz is seeking. The petition seems to be challenging both Ruiz's September 10, 2003 conviction in the New York Supreme Court, Queens County, and an unspecified decision of "the immigration judge Ulster, New York." Petition 2.[2] Ruiz raises the following claims:[3] (1) "case was already dissmissed," *id.* at 6; (2) "Conviction obtained by plea of guilty which was unlawfully induced or not made

---

[1] Although the caption identifies the petitioner as "Richardo Jose Ruiz," petitioner signs the document as "Jose R. Ruiz." It appears that he was convicted as "Jose Ruiz." *See People v. Ruiz*, 831 N.Y.S.2d 178 (2d Dep't 2007).

[2] The petition consists of handwritten entries to a standard form petition under 28 U.S.C. § 2254. The first page is numbered "Page 2."

[3] All quotations are [*sic*].

voluntary with understanding of the nature of the charge and the consequences of the plea. The Queens D.A. and judge railroaded me," *id.* at 7; (3) "conviction obtain by a violation/no evidence obtained. Queens Court claim that they don't need evidence," *id.* at 9; and (4) "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. Queens D.A. prosecuted on charges that was already dismiss." *Id.* at 10. Moreover, Ruiz asserts that "Case was already dismiss; and Immigration once again case close want me to appeal there is no reason for them to hold me hear." *Id.* at 14. The relief he seeks is "to have my case appeal and removal proceedings dismissed; and to be release as soon as posable." *Id.* at 15.

To the extent that Ruiz may be seeking to challenge a final order of removal pursuant to 28 U.S.C. § 2241, this Court has no jurisdiction to review such a petition. The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310-11, codified at 8 U.S.C. § 1252(a)(5), provides that the "sole and exclusive" means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5); *see also Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005) (finding that 8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal). If Ruiz is subject to a final order of removal and wishes to mount a challenge to that order in federal court, he may file his petition in the court of appeals for the judicial circuit in which the order of removal was entered. *See* 8 U.S.C. § 1252(b)(2). The petition for review must be filed within 30 days from the date of the order of removal. *Id.* § 1252(b)-(c).

To the extent that Petitioner is seeking to challenge the constitutionality of his 2003 conviction or sentence, including the voluntariness of his guilty plea, such a challenge is properly brought in a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

However, a petition pursuant to § 2254 is subject to significant gate-keeping requirements, including proper exhaustion of claims, time limitations, and a bar against second or successive petitions. Here, it does not appear that Ruiz has fully exhausted his claims.

Ruiz indicates that he was convicted, pursuant to a guilty plea, on September 10, 2003. Having searched databases of court decisions, the Court finds that his direct appeal was dismissed on January 16, 2007. The New York State Supreme Court, Appellate Division, Second Department found that Ruiz had failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt, and that, in any case, the evidence was legally sufficient to establish his guilt beyond a reasonable doubt. *People v. Ruiz*, 831 N.Y.S.2d 178 (2d Dep't 2007). Thus, it appears that the Petition is timely and that he has exhausted a claim regarding the sufficiency of the evidence. But there is no indication that Ruiz has exhausted his remaining claims in state court.

If Ruiz does want to challenge his 2003 conviction through a writ of habeas corpus pursuant to 28 U.S.C. § 2254, he is hereby granted leave to file an amended petition, within 30 days, in which he clearly sets out each of the grounds upon which he seeks relief from his conviction or sentence and any supporting facts. Moreover, Ruiz should indicate what steps he took to raise each claim in state court, so that this Court may determine whether each claim is properly exhausted, as is required by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(b)(1).

No response shall be required from respondent at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       July 17, 2007